BRET D. LEWIS (Bar No. 166819)
Wellesley Courtyard
12304 Santa Monica Blvd.—107A
Los Angeles, CA  90025
Telephone:  (310) 207-0696
Facsimile:   (310) 362-8424
Bretlewis@aol.com

Attorneys for Plaintiff
Carmen C. Boza

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carmen C. Boza,<br><br>                    Plaintiff,<br><br>        vs.<br><br>US Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR6; All persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto; Does 1-10, inclusive.<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  2:12-cv-06993-JAK(FMOx)<br>Assigned to:  Hon. John A. Kronstadt<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDCIAL NOTICE<br><br>Date:   DECEMBER 10, 2012<br>Time:  8:30 A.M.<br>Ctrm:  750-7th FLOOR |

1

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | Synopsis | 9 |
| II. | Response to Defendant's Introduction and Statement of Facts | 10 |
| III. | Legal standard for Rule 12(b)(6) motions | 10 |
| IV. | Defendant fails to make any showing that Luis Boza is a necessary party under Rule 19 and the argument alone raises issues of Defendant's litigation tactics | 11 |
| V. | Prior rulings of two federal courts raise significant "factual" issues which either collaterally estop Defendant or constitutes a legal basis for Plaintiff to proceed past this motion to dismiss | 12 |
| A. | The Bankruptcy Order Collaterally Estops Defendant | 12 |
| B. | Issues Litigated on the Merits in a MFR | 13 |
| C. | Finality of MFR Order | 15 |
| VI. | The MFR and the subsequent temporary restraining order raises legal issues of Defendant's Authority to Foreclose | 15 |
| VII. | Defendant's Argument re Ownership of the Note is a further "Straw Man" | 19 |
| VIII. | Defendant "Plays Fast and Loose" with the Doctrine of Judicial Estoppel | 20 |
| A. | Defendant's cases | 20 |
| B. | Applicability to the Present Matter | 21 |
| IX. | Tender is Inapplicable in the Present Case | 22 |
| X. | Plaintiff's Quiet Title Allegations are Sufficient | 23 |
| XI. | Plaintiff's Declaratory Relief Allegations are Sufficient | 25 |
| XII. | Conclusion | 26 |

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>California Cases</u>

*Anderson v. Heart Federal Savings & Loan Ass'n* (1989)
    208 Cal.App.3d 202      18

*Asuncion v. Sup. Ct.(W.C. Financial, Inc.)*(1980)
    108 Cal.App.3d 141      17

*Calvo v. HSBC Bank USA, N.A.* (2011)
    199 Cal.App.4th 121      20

*Dimock v. Emerald Properties, LLC* (2000)
    81 Cal.App.4th 868      23

*Fontenot v. Wells Fargo Bank, N.A.* (2011)
    198 Cal.App.4th 256      16,19

*Gomes v. Countrywide Home Loans, Inc.* (2011)
    192 Cal.App.4th 1149      16-19

*Humboldt Sav. Bank v. McCleverty* (1911)
    161 Cal. 285      23

*IE Assoc. v. Safeco Title Ins. Co.* (1985)
    39 Cal.3d 281      20

*Knapp v. Doherty* (2004)
    123 Cal.App.4th 76      20

*Little v. CFS Serv. Corp.* (1987)
    188 Cal. App. 3d 1354      23

*Lona v. Citibank, N.A. as Trustee, etc.* (2011)
    202 Cal.App.4th 89      23

*Mabry v. Superior Court* (2010)
    185 Cal. App. 4th 208      23

*Malkoskie v. Option One Mort. Corp.*, (2010)
    188 Cal.App.4[th] 968       17

*Miller v. Cote* (1982)
    127 Cal.App.3d 888       17

*Moeller v. Lien* (1994)
    25 Cal.App.4[th] 822       20

*Monterey S. P. P'ship v. W. L. Bangham* (1989)
    49 Cal. 3d 454       24

*Onofrio v. Rice* (1997)
    55 Cal.App.4[th] 413       23

*Robinson v. Countrywide Home Loans, Inc.* (2011)
    199 Cal.App.4[th] 42       16

*Seidell v. Anglo-California Tr. Co.* (1942)
    55 Cal.App.2d 913       17

*Sweatt v. The Foreclosure Co.*, (1985)
    166 Cal.App.3d 273       17

*Ung v. Koehler* (2005)
    135 Cal.App.4[th] 186       17

*Vella v. Hudgins* (1977)
    20 Cal.3d 251       17

**Federal Cases**

*American Title Ins. Co. v. Lacelaw Corp.* (9th Cir. 1988)
    861 F.2d 224       22

*Balistreri v. Pacifica Police Dep't* (9th Cir. 1990)
    901 F.2d 696       11

*Barrionuevo v. Chase Bank N.A.* (N.D. Cal. August 6, 2012)
    2012 U.S. Dist. LEXIS 109935       22,23

*Bell Atl. Corp. v. Twombly* (2007)
       550 U.S. 544                                                    11

*Brillhart v. Excess Ins. Co.* (1942)
       316 U.S. 491                                                    25

*Broam v. Bogan*n (9th Cir. 2003)
       320 F.3d 1023                                                   10

*Butner v. United States* (1979)
       440 U.S. 48                                                     15

*Castillo v. Skoba* (S.D. Cal. Oct. 8, 2010)
       2010 U.S. Dist. LEXIS 108432                                    16-18

*De La Cruz v. Tormey* (9th Cir. 1978)
       582 F.2d 45                                                     10

*Dunmore v. United States* (9th Cir.2004)
       358 F.3d 1107, 1112                                             15

*Giannini v. American Home Mortg.
Servicing, Inc.* (N.D.Cal. Feb. 1, 2012)
       2012 U.S. Dist. LEXIS 12241                                     22

*In re Aniel* (Bankr.N.D.Cal.2010)
       427 B.R. 811                                                    14

*In re Jackson* (Bankr.E.D.Cal.2011)
       451 B.R. 24                                                     13

*In re Jimenez* (Bkrtcy S.D.Cal. April 11, 2011)
       2011 WL 1398483                                                 14

*In re Hwang* (Bankr. C.D. Cal., 2008)
       396 B.R. 757                                                    15

*In re Kemble* (9th Cir.1985)
       766 F.2d 802                                                    15

*In re Salazar* (S.D. Cal. 2011)
    448 B.R. 814                                                           23

*In re Wilhelm* (Bankr.D.Idaho 2009)
    407 B.R. 392                                                          13,14

*Javaheri v. JPMorgan Chase Bank, N.A., et al.* (C.D. Cal. June 2, 2011)
    2011 U.S. Dist. LEXIS 62152                  25,26

*Johnson v. HSBC Bank USA. Nat'l Assn. as Trustee*
*for the Ellington Trust Series 2007-1* 2012 U.S. Dist. LEXIS 36798    18

*Kilgore v. Wells Fargo Home Mortgage, Regional Trustee*
*Services Corporation* (E.D. Cal. June 29, 2012)
    2012 U.S. Dist. LEXIS 90866                  19

*Naranjo v. SBMC Mortgage* (S.D. Cal., July 24, 2012)
    2012 U.S. Dist. LEXIS 103735                 18

*Ohlendorf v. Am. Home Mortg.* (E.D. Cal. March 31, 2010)
    2010 U.S. Dist. LEXIS 31098                  16-18

*Ottolini v. Bank of America* (N.D. Cal. Aug. 19, 2011)
    2011 U.S. Dist. LEXIS 92900, 2011 WL 3652501    23

*Rissetto v. Plumbers and Steamfitters Local 343* (9th Cir. 1996)
    94 F.3d 597                                                              20,22

*Rabago v. Deutsche Bank National Trust* (C.D.Cal., June 1, 2011)
    2011 WL 2173811                                               11,12

*Robinson v. Bank of Am.* (N.D. Cal. May 29, 2012)
    2012 U.S. Dist. LEXIS 74212                  23

*Sacchi v. Mortgage Elec. Reg. Sys., Inc.* (C.D. Cal. June 24, 2011)
    2011 U.S. Dist. LEXIS 68007                  16-18,23

*Schafer v. CitiMortgage, Inc., et al.* (C.D. Cal. June 15, 2011)
    2011 U.S. Dist. LEXIS 64558                  25,26

*Shermoen v. United States* ( 9th Cir. 1992)
    982 F. 2d 1312                                       11

*Sprint Commc'ns Co. v APCC Services, Inc.* (2008)
    554 U.S. 269                                      13

*Tamburri v. Suntrust Mortg.* (N.D. Cal., December 15, 2011)
    2011 U.S. Dist. LEXIS 144442            16,23

*Taylor v. Sturgell* (2008)
    553 U.S. 880                                     12

*Vissuet v. Indymac Mortg. Services* (S.D. Cal. March 19, 2010)
    2010 U.S. Dist. LEXIS 26241           22,23

*Vogan v. Wells Fargo Bank, N.A.* (E.D. Cal. 2011)
    2011 WL 5826016                          18,19

*Wagner v. Professional Engineers in California Government* (9th Cir. 2004)
    354 F.3d 1036                             21,22

*Yulaeva v. Greenpoint Mortg. Funding, Inc.* (E.D. Cal. Sept. 3, 2009)
    2009 U.S. Dist. LEXIS 79094           24,26

**California Statutes**

*Civil Code* §2924                                  17

*Civil Code* §2924, *et seq.*                20

*Civil Code* §§2924-2924k              20

*Civil Code* §2924(a)(1)                16

*Code of Civil Procedure* § 760.010(a)     24

*Code of Civil Procedure* § 761.020        24

**Federal Statutes**

28 U.S.C. § 2201(a)                                        25

Fed. R. Civ. P. 12(b)(6)                                   10,11

Fed. R. Civ. P. 17                                         13-15

Fed. R. Civ. P. 19                                         11

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  **Synopsis**

This case is not about securitization. This case is not about whether Plaintiff owes a debt. This case is not about whether there can be a foreclosure based upon a deed of trust.

This case is about whether the Defendant has the legal right, authority and power under California law to assert the power of sale under a specific deed of trust against Plaintiff.

This case is also about the relevance of California's laws regarding foreclosure and whether a person, ***who may be a complete stranger***, who asserts the right to foreclose must actually be entitled to foreclose! The functional reality as interpreted by the courts sometimes appears to state that California's laws are truly superfluous and that the "ends justify the means."

The current case presents a quandary for this Court. One federal court has ruled that the Defendant does not have the right to foreclose[1]. (2:12-bk-15048-ER; Doc. No. 17(Comp. at Ex.2); Doc. No.22 (Comp. at Ex.3); Dock. No 23(Comp. at Ex.4); Doc. No. 29 (Comp. at Ex.1); Doc. No.32 (Comp. at Ex.5); Doc. No.36-37 (Comp. at Ex.6); Doc. No. 40-43 (Comp. at Ex.7).  One federal court has ruled that Plaintiff's case creates enough of a question about Defendant's position to merit a temporary restraining order. (Doc. No. 6).  Before this court, there was extended briefing and additional submissions of evidence going to the issue of Plaintiff's right to a preliminary injunction. (Doc. No.30-25; 38-47; 49, 51-53-54).  Honest evaluation would agree that these briefing and submissions created more questions than answers and adding the integrity and veracity of the two previous rulings, the present case deserves to proceed from the motion to dismiss stage to the summary judgment stage because there are issues of fact separate

---

[1]  For each paper identified herein as constituting this, that or another "Docket No.", Plaintiff respectfully requests the Court to take judicial notice thereof pursuant to Rule 201, F.R.Evid.

1  and apart from the issue of the effect of any collateral estoppel effect of a bankruptcy

2  order.

3  **II.    Response to Defendant's Introduction and Statement of Facts**

4        Defendant very cleverly frames its argument as Plaintiff owes a debt and

5  Defendant is trying to enforce its lien and the bankruptcy court ruling was a mere

6  technicality. Defendant conveniently fails to reference the fact that Plaintiff successfully

7  obtained a temporary restraining order against it in this case.

8        Plaintiff's complaint does not frame any issues regarding an alleged debt.

9  Plaintiff's complaint does frame issues going to Defendant's right, authority and power

10  to assert the power of sale in the deed of trust. So, when Defendant states it is simply

11  trying to enforce its lien, this statement intentionally attempts to "misdirect" the primary

12  issue raised by Plaintiff's complaint that Defendant does not have any right to enforce

13  "the lien" under the power of sale contained in the deed of trust. Defendant's preliminary

14  remarks demonstrates that this matter is appropriate for the factual and evidentiary

15  formalities of the summary judgment process.

16  **III.    Legal standard for Rule 12(b)(6) motions**

17        A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency

18  of the pleadings[2]. De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978). In evaluating

19  the motion, the court must construe the pleadings in the light most favorable to the non-

20  moving party, accepting as true all material allegations in the complaint and any

21  reasonable inferences drawn therefrom. See, e.g., Broam v. Bogan, 320 F.3d 1023, 1028

22  (9th Cir. 2003). The Supreme Court has held that in order to survive a 12(b)(6) motion,

23

24  [2]   As much as Defendant has attempted to turn this hearing into an evidentiary hearing, it is not and the court should not lose
focus on the narrow nature of this proceeding. Indeed, the extent to which defendants have tried to explain evidentiary matters
25  only muddies the water with their request for judicial notice of the Pooling and Service Agreement "PSA" (Doc. No. 41) and
further demonstrates that this complaint has a factual basis. To wit, Defendants have been unable to explain:  1) Why it is not
26  the case that Defendant's  deed of trust assignments of May 2008 (Wells Fargo to Citigroup Global and January 24, 2012
(Citigroup Global USBNA) are fraudulent due to the admissions in the PSA that all transactions were consummated by
27  August 31, 2006 and that only Citimortgage had any interest under the PSA to make an assignment to USBNA. (Doc. No. 42
at p.2;  and 2) Why they have been unable to produce a "complete chain" of endorsements of the "Note" as required by the
28  PSA that would require a showing of an endorsement trail of Linear-Wells Fargo-Citigroup Global-Citigroup Mortgage-
USBNA. (Doc. No. 42, p.3)

1  "[f]actual allegations must be enough to raise a right to relief above the speculative

2  level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d

3  929 (2007). The court should grant 12(b)(6) relief only if the complaint lacks either a

4  "cognizable legal theory" or facts sufficient to support a cognizable legal theory.

5  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6  **IV.  Defendant fails to make any showing that Luis Boza is a necessary party**

7  **under Rule 19 and the argument alone raises issues of Defendant's litigation**

8  **tactics**

9  Defendant's first ground for dismissal is whether Luis Boza is an indispensable

10  party under Rule 19. ("The moving party has the burden of persuasion in arguing for

11  dismissal.") *Shermoen v. United States,* 982 F. 2d 1312, 1312 ( 9th Cir. 1992).

12  To determine whether Luis Boza (hereafter "Luis") is "necessary" for purposes of

13  joinder of an indispensable party, this Court must consider whether complete relief could

14  be accorded among the existing parties and whether Luis has a legally protected interest

15  in the suit. *Id.*

16  To determine whether Plaintiff adequately represents the interests of her husband,

17  Luis, for purposes of dismissal for failure to join indispensable parties, this Court must

18  court consider whether (1) Plaintiff has the ability to make all arguments that Luis would

19  make, (2) Plaintiff is willing and will make all arguments that Luis would make, (3)

20  whether Luis would offer any necessary element to the proceedings that the present

21  parties would neglect." *Id.* at 1318

22  The record shows that Plaintiff quite successfully made all arguments consistent

23  with the interests of Luis and will continue to make all necessary arguments in the

24  highest and best interest of both Plaintiff and Luis. Defense counsel only makes hollow

25  argument without any facts and cannot show how the presence of Luis adds anything to

26  this litigation to create the aura of indispensability under Rule 19. *Rabago v. Deutsche*

27  *Bank National Trust*, 2011 WL 2173811, *2 (C.D.Cal., June 1, 2011)("Defendant makes

28  conclusory arguments that Plaintiff's wife 'may not be adequately protected" and that

Defendant "cannot obtain counter-relief in this case.' Even if Plaintiff's wife has a potential claim, it is axiomatic that she is not required to bring an action. Because Defendant has failed to carry its burden of persuasion, the Court denies Defendant's motion to dismiss the case for failure to join a necessary party.") Thus, the court must acknowledge that the general and conclusory arguments of Defendant have already been rejected as insufficient by *Rabago v. Deutsche Bank National Trust*, *supra*.

It should be instructive for this Court that Defendant never mentions in any portion of its lengthy argument that the Defendant made any attempt to simply stipulate that Luis be added as a party Plaintiff in its meet and confer prior to filing this motion. (Doc.24). The stipulation would have taken less time to write, sign and file than the time it took for Defendant to write this part of their argument (which of course raises the issue of failure to "sincerely" meet and confer before filing this motion on this issue.)

Finally, it should be noted for the record that Defendant failed to have any problems with the lack of Luis as a party in the prior bankruptcy proceedings of Plaintiff and failed to raise this issue in any initial opposition to Plaintiff's application for a temporary restraining order. (2:12-bk-15048-ER; Doc. No. 17(Comp. at Ex.2); Doc. No.22 (Comp. at Ex.3); Dock. No 23(Comp. at Ex.4); Doc. No. 29 (Comp. at Ex.1); Doc. No.32 (Comp. at Ex.5); Doc. No.36-37 (Comp. at Ex.6); Doc. No. 40-43 (Comp. at Ex.7).

## V.   Prior rulings of two federal courts raise significant "factual" issues which either collaterally estop Defendant or constitutes a legal basis for Plaintiff to proceed past this motion to dismiss

### A.   The Bankruptcy Order Collaterally Estops Defendant

Defendant attempts to correlate the concepts of *res judicata* and *collateral estoppel*. Because Defendant confuses the concepts, it may be easier just to discuss both as "preclusion." As a threshold matter, in a diversity of citizenship action, a federal court applies the preclusion rules of the state in which it sits. *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).

1    However, this case is of first impression because bankruptcy is uniquely

2  Federal. Any application of California rules for preclusion may be either preempted by

3  the federal laws and rules governing bankruptcy matters or completely inapplicable.

4    Defendant's position is there is no preclusion because (1) the Motion For Relief

5  From Stay ("MFR") is not a final judgment, (2) the validity of Defendant's interest in the

6  lien was not litigated, (3) the bankruptcy order was not on the merits because it was

7  without prejudice, and (4) preclusion cannot be asserted offensively in this matter

8  because of a non-judicial nature of a non-judicial foreclosure.

9  **B.**    **Issues Litigated on the Merits in a MFR**

10    In the case of *In re Jackson*, 451 B.R. 24 (Bankr.E.D.Cal.2011), a purchaser of

11  debtor's note and deed of trust from a bank, moved for relief from stay to foreclose. The

12  court started by discussing basic principles for an MFR. "Under the Bankruptcy Code, a

13  party seeking relief from stay must establish entitlement to that relief, ….foreclosure

14  agents and servicers do not automatically have standing." [Citations.] *Id.* at 27.  "For a

15  federal court to have jurisdiction, the litigant must have constitutional standing, which

16  requires an injury fairly traceable to the defendant's allegedly unlawful conduct and

17  likely to be redressed by the requested relief." *Id.* [Citations.] "[A]n assignee of a claim

18  must hold legal title to the claim being asserted." *Id.* (citing *Sprint Commc'ns Co. v*

19  *APCC Services, Inc.*, 554 U.S. 269, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008).  *Id.*

20    Under a MFR, standing consists of two related components: "the constitutional

21  requirements of Article III and nonconstitutional prudential considerations." *Id.* at 27-28.

22  Rule 17 requirements as to real-party-in-interest is a subset of the prudential standing

23  doctrine (citing *In re Wilhelm*, 407 B.R. 392, 398 (Bankr.D.Idaho 2009). *Id.* In an MFR

24  proceeding, prudential standing is determined under applicable substantive law regarding

25  whether "the movant has a legal right to enforce the obligation on which its claim is

26  based." *Id.* at 29. Contextually, the court discussed the application to notes sold or used

27  as collateral to secure obligations, and that the central concept was identification of the

28  "person entitled to enforce the note." *Id.* The court proceeded to discuss various concepts

1 related to UCC application to the note and found that the moving party failed to

2 demonstrate it was "the person entitled to enforce the note" and therefore did not have

3 prudential standing. *Id.* at 30.

4     In the case of *In re Jimenez*, 2011 WL 1398483 (Bkrtcy S.D.Cal. April 11, 2011)

5 US Bank sought relief of stay to foreclose in a Chapter 11 bankruptcy. The court denied

6 the MFR since debtor appeared to have the possibility to restructure the debt. *Id.* at *3.

7 The court's discussion of "standing" is relevant.

8     First, the court noted that the standing requirement was not difficult

9 to meet and that under the "Bankruptcy Code" relief may by granted to a "party in

10 interest, and any party affected by the stay should be entitled to relief." [Citations.] *Id.* at

11 *2. Second, the court specifically stated that "[A] party seeking to enforce a real estate

12 secured loan must demonstrate a colorable claim that is has 'an interest in the relevant

13 note,' 'the right, under applicable substantive law, to enforce the note[ ],' and that it has

14 been 'injured by debtor's conduct (presumably through a default on the note).'" (citing

15 In re Wilhelm, 407 B.R. 392, 398 (Bankr.D.Id.2009); In re Aniel, 427 B.R. 811, 815

16 (Bankr.N.D.Cal.2010). *Id.*

17     In the case of *In re Wilhelm*, 407 B.R. 392 (Bankr.D.Idaho 2009), the court denied

18 multiple MFRs to enforce mortgage notes. The court held that the moving parties "did

19 not have right to enforce notes under governing Idaho law, and were not 'real parties in

20 interest' with ability to seek stay relief, on theory that they were 'holders' of notes and

21 movants were not 'real parties in interest' on alternate theory that they were nonholders

22 in possession." *Id.*

23     The court proceeded to discuss the legal requirements for a MFR of

24 real party in interest and standing. "To obtain stay relief, each Movant must have

25 standing, and be the real party in interest under Federal Rule of Civil Procedure 17."

26 [Citations.] *Id.* at 398. "Standing and the real-party-in-interest requirement are related,

27 but not identical, concepts. Standing encompasses both constitutional and prudential

28 elements." [Citations.] *Id.* "Prudential standing includes the idea that the injured party

1   must assert its own claims, rather than another's. [Citation.] Thus, the real-party-in-

2   interest doctrine generally falls within the prudential standing doctrine (citing *Hwang*,

3   396 B.R. at 769). That is, as 'a prudential matter, a plaintiff must assert 'his own legal

4   interests as the real party in interest, (citing Dunmore v. United States, 358 F.3d 1107,

5   1112 (9th Cir.2004), as found in Fed.R.Civ.P 17[.]'" [Citation.] *Id.* "Movants must also

6   show they have the right, under applicable substantive law, to enforce the notes." *Id.*

7         The burden of proof on all issues in a MFR is on the party opposing while the

8   burden of going forward is generally on the party seeking relief. *Id.* at 400. Since the

9   court was required to determine who had the right to enforce the notes, because

10   bankruptcy law did not provide for enforcement of promissory notes, applicable state

11   laws are used to determine the nature and extent of property interests in bankruptcy. *Id.*

12   at 401 (citing *Butner v. United States,* 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136

13   (1979)).

14         Thus, the above cited cases demonstrate that under the requirements of a MFR, the

15   bankruptcy court in the present case adjudicated Defendant's standing and real party in

16   interest status regarding the note and right to enforce the note through foreclosure under

17   the substantive law of California, irrespective of evidentiary technicalities. Ultimately,

18   the bankruptcy court litigated and ruled that Defendant did not have a "lien" that was

19   cognizable for purposes of a foreclosure.

20   **C.**    **Finality of MFR Order**

21         In the case of *In re Kemble*, 766 F.2d 802, 805 (9th Cir.1985), the court discussed

22   and analyzed Congressional intent regarding MFRs and specifically held that "decisions

23   of the bankruptcy courts *granting* or denying relief from the automatic stay under section

24   362(d) are final decisions reviewable by this court."

25   **VI.**    **The MFR and the subsequent temporary restraining order raises legal issues**

26          **of  Defendant's Authority to Foreclose**

27         Defendant argues that under California law, Plaintiff has no right to challenge

28   Defendant's authority to foreclose. [Mot. 8:23-10:28.] Defendant's primary California

1   cases for its proposition are *Gomes v. Countrywide Home Loans, Inc.* (2011) 192

2   Cal.App.4[th] 1149 ("Gomes"),  *Robinson v. Countrywide Home Loans, Inc.* (2011) 199

3   Cal.App.4[th] 42 ("Robinson") and *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198

4   Cal.App.4[th] 256.  Plaintiff is aware that this Court stated in the October 15, 2012 hearing

5   on the preliminary injunction that the Court tentatively stated it did not

6       In the case of *Tamburri v. Suntrust Mortg.*, 2011 U.S. Dist. LEXIS 144442 (N.D.

7   Cal., December 15, 2011) (hereafter "Tamburri"), plaintiff filed for bankruptcy to stop a

8   foreclosure. Id. at *5. After receiving a discharge, plaintiff filed an action and obtained a

9   TRO and Preliminary Injunction against the defendant foreclosing party. *Id.* at *6. In the

10  defendant's motion to dismiss, the court discussed Gomes at length. "Gomes held that

11  *California Civil Code* §2924(a)(1) does not 'provide for a judicial action to determine

12  whether the person initiating the foreclosure process is indeed authorized.'" Id. at *33.

13  The court noted that "the issue in Gomes was not whether the wrong entity had initiated

14  foreclosure; rather, the issue was whether the company selling the property in the

15  nonjudicial foreclosure sale (MERS) was authorized to do so by the owner of the

16  promissory note." Id.   The court found that Gomes was "inapposite" because it explicitly

17  avoided the scenario in which 'the plaintiff's complaint identified a specific factual basis

18  for alleging that the foreclosure was not initiated by the correct party.' Id. at *34. The

19  court then discussed the cases of *Sacchi v. Mortgage Electronic Registration Systems,*

20  *Inc.*, 2011 U.S. Dist. LEXIS 68007, 2011 WL 2533029 (C.D. Cal. June 24, 2011)

21  ("Sacchi"); *Ohlendorf v. Am. Home Mortg.*, 2010 U.S. Dist. LEXIS 31098 (E.D. Cal.

22  March 31, 2010) ("Ohlendorf") and *Castillo v. Skoba*, 2010 U.S. Dist. LEXIS 108432,

23  2010 WL 3986953 (S.D. Cal. Oct. 8, 2010) ("Castillo"). Id. at *37-*40. Tamburri also

24  illustrates a further critical distinction from the present case in application of *Gomes*.

25  *Gomes* was specifically about MERS' role in the foreclosure process. The present case is

26  not about whether a "middle-man" has authority to foreclose as an agent, nominee or

27  beneficiary. This case is about whether two court rulings and subsequent proceedings

28

1    provide enough factual basis to raise the question of whether Defendant has any right to

2    foreclose under California laws.

3         *Sacchi* held that Plaintiff stated a wrongful foreclosure claim against an entity that

4    had "no beneficial interest in the Deed of Trust when it acted to foreclose on Plaintiffs'

5    home" and "expressed incredulity" with counsel's arguments suggesting that "someone .

6    . . can seek and obtain foreclosure regardless whether he has established the authority to

7    do so." *Id.* at *37.  The Sacchi court made a rhetorical query based on Defendant's

8    position: "How could one ever confirm whether the entity seeking to throw a homeowner

9    out of his residence had the legal authority to do so?" *Id.*  The Sacchi court distinguished

10   *Gomes* and held that, since the plaintiffs had alleged facts suggesting the foreclosing

11   party had no legal interest in the deed at the appropriate time, there was a valid cause of

12   action.  Id. at *37-*38.

13        The *Ohlendorf* court held that, while "proof of possession of the note" is

14   not necessary to "legally institute non-judicial foreclosure proceedings against plaintiff,"

15   Plaintiff still had a viable claim for wrongful foreclosure insofar as he argued that

16   defendants "are not the proper parties to foreclose."  *Id.* at *38.

17        The *Castillo* court granted a preliminary injunction where it concluded that

18   "Plaintiff is likely to succeed on the merits of his claim that neither Aurora nor Cal-

19   Western had authority to initiate the foreclosure sale at the time the Notice of Default

20   was entered." *Id.* at *39.

21        Finally, multiple California cases uphold Plaintiff's right to challenge Defendant's

22   right to foreclose and the validity of the sale itself. *Malkoskie v. Option One Mort. Corp.*,

23   (2010) 188 Cal.App.4[th] 968 [validity of foreclosure and title can be challenged in

24   unlawful detainer]; *Seidell v. Anglo-California Tr. Co.* (1942) 55 Cal.App.2d 913

25   [whether foreclosure complied with *Civil Code* §2924] ; *Vella v. Hudgins* (1977) 20

26   Cal.3d 251; *Asuncion v. Sup. Ct.(W.C. Financial, Inc.)*(1980) 108 Cal.App.3d 141;

27   *Miller v. Cote* (1982) 127 Cal.App.3d 888, 894 [defective notice of default]; *Sweatt v.*

28   *The Foreclosure Co.*, (1985) 166 Cal.App.3d 273, 278; *Ung v. Koehler* (2005) 135

1  Cal.App.4th 186, 203 (citing *Anderson v. Heart Federal Savings & Loan Ass'n* (1989)

2  208 Cal.App.3d 202). Defendant presents a paradox by its argument. According to the

3  Defendant, Plaintiff cannot challenge a foreclosure sale, until after the foreclosure sale.

4      *Sacchi, Ohlendorf*, and *Castillo* demonstrate that a Plaintiff can challenge a party's

5  authority to foreclose. The present case, goes even further. Here, Plaintiff has obtained a

6  final order on the merits of litigating Defendant's authority to foreclosure. Thus,

7  Defendant's contention is fallacious since Plaintiff's case is not preemptive, but *post*

8  *hoc*. Even the *Robinson* court held that "a borrower who believes that the foreclosing

9  entity lacks standing to do so . . . can seek to enjoin the trustee's sale or to set the sale

10  aside." *Robinson* at 46.   See also *Naranjo v. SBMC Mortgage*, 2012 U.S. Dist. LEXIS

11  103735 (S.D. Cal., July 24, 2012) where the court found Defendants' reliance on *Gomes*

12  was misguided because the case did not involve MERS' role and function as a nominee,

13  but involved allegations that Defendants lacked "the legal right to either collect on the

14  debt or enforce the underlying security interest." *Id.* at *10. **It is important to note that**

15  **Defendant fails to cite any case which holds a Plaintiff cannot challenge a**

16  **Defendant's authority to foreclose when the Defendant has been adjudicated in a**

17  **previous bankruptcy MFR to lack the legal authority to foreclose!**

18      The case of *Johnson v. HSBC Bank USA. Nat'l Assn. as Trustee for the*

19  *Ellington Trust Series 2007-1*, 2012 U.S. Dist. LEXIS 36798 (S.D. Cal.,

20  March 19, 2012) (hereafter "Johnson") further emphasizes the fallacy of

21  Defendant's argument. The *Johnson* Court denied the motion to dismiss as to

22  Plaintiff's challenge of Defendants beneficial interest in the deed of trust. *Id.*

23  at *10. Plaintiff in *Johnson* was not in foreclosure, a fact which Defendant

24  will surely point out. However, the *Johnson* Court referred to the case of

25  *Vogan v. Wells Fargo Bank, N.A.*, 2011 WL 5826016 (E.D. Cal.

26  2011)(hereafter "Vogan") in its holding that Plaintiff could challenge

27  Defendant's beneficial interest.

28

In *Vogan*, the Plaintiffs opposition to a motion to dismiss on the issue of tender, claimed that U.S. Bank did not have standing to foreclose in the first place. *Id.* at *20. The Court ruled that Plaintiff had the right to challenge U.S. Bank's beneficial interest in the deed of trust. *Id.* at *21.

Defendant next argues that Plaintiff somehow doesn't identify any prejudice by Defendant's lack of legal authority to proceed with a foreclosure, and thus, Plaintiff loses [Mot. 10:1-28.] Defendant relies on *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272 ("Fontenot").  *Fontenot* involved a post-foreclosure action. Like *Gomes*, the central issue was MERS' role as nominee and whether any assignment by MERS was valid. *Id.* at 270-272. At page 272, the *Fontenot* court discusses cases which stand for the proposition that a Plaintiff, in a post-foreclosure action which alleges wrongful foreclosure, must plead and prove resulting prejudice.  *Id.* at 272.  The rationale of the cases cited is that a nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly and if one attacks the procedural requirements of a sale, they must plead and prove an improper procedure and the resulting prejudice. *Id. Fontenot* is inapposite to the present case. Defendant goes so far as to hypothesize that if Defendant lack authority to foreclose, some entity is a victim suffering an unauthorized loss of collateral [Mot. 10:8-11.] Defendant's argument presumes there is no injury by a loss of one's residence to an illegal foreclosure. This is contrary to California law that presumes irreparable injury to the Plaintiff. The loss of one's personal residence is an irreparable harm. *Sundance Land Corp. v. Community First Fed'l Sav. & Loan Ass'n*, 840 F2d 653, 661 (9th Cir. 1988);  *Kilgore v. Wells Fargo Home Mortgage, Regional Trustee Services Corporation*, 2012 U.S. Dist. LEXIS 90866, *6 (E.D. Cal. June 29, 2012). The Property in question is Plaintiff's residence . (Boza Decl. ¶ 3).

**VII.   Defendant's Argument re Ownership of the Note is a further "Straw Man"**

Defendant next argues that it doesn't have to prove ownership of the Note [Mot. 11:1-12:11.]

1    As stated previously, this case is about whether Defendant has any right to

2  foreclose and Plaintiff's right to prevent a stranger from asserting the power of sale

3  under the specific deed of trust. Defendant makes the statement that "Nowhere within

4  *Civil Code* §2924, *et seq.* is there a requirement that proof of beneficial interest of the

5  note be given." [Mot. 11:9-11.] However, Defendant fails to instruct the Court that

6  "nowhere" within the specific sections of *Civil Code* §§2924-2924k (the *holy grail* of the

7  foreclosure provisions) can a "***stranger***" to the deed of trust assert the power of sale. In

8  fact these provisions specifically state that only a "beneficiary" or "agent" may foreclose.

9  This is a factual issue beyond the scope of the legal standards proscribing this Motion.

10  Defendant's laundry list of California cases, *Moeller v. Lien* (1994) 25 Cal.App.4th 822,

11  *IE Assoc. v. Safeco Title Ins. Co.* (1985) 39 Cal.3d 281, *Knapp v. Doherty* (2004) 123

12  Cal.App.4th 76, specifically fail to hold that a "stranger" to the foreclosure process may

13  invoke the power of sale under a deed of trust. Defendant's citation of *Calvo v. HSBC*

14  *Bank USA, N.A.* (2011) 199 Cal.App.4th 121 is not relevant to this proceeding since the

15  only issue in the case was the effect of *Civil Code* §2932.5 in relation to deeds of trust

16  versus mortgages.

17  **VIII.  Defendant "Plays Fast and Loose" with the Doctrine of Judicial Estoppel**

18  **A.     Defendant's cases**

19    Defendant's next argument is that Plaintiff is judicially estopped because of

20  contrary allegations in a previous complaint [Mot. 12:12-13:13.] Specifically, Defendant

21  argues that because Plaintiff alleged in a verified pleading that Defendant was a proper

22  party to foreclose, Plaintiff is barred from any contrary position and thus loses. Again,

23  was with most of Defendant's arguments in this proceeding, Defendant fails to

24  completely analyze and articulate the correct state of the law and obfuscates,

25  oversimplifies and misdirects facts.

26    In Defendant's case *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597

27  (9th Cir. 1996) ("Rissetto"), Plaintiff obtained a favorable works' compensation

28  settlement approved by the works' compensation appeals board ("WCAB"). *Id.* at 604.

1   The court *sua sponte* addressed the issue of whether factual matters in an approved

2   settlement in a WCAB matter judicially estopped Plaintiff from contrary positions in a

3   subsequent lawsuit for damages. *Id.* at 601. A primary issue analyzed by the court was

4   whether Plaintiff obtained a "favorable result" based upon the alleged inconsistent

5   statement and whether the inconsistent statement had been "actually adopted by the court

6   in the earlier litigation?" *Id.* at 604.  The court held that the favorable settlement in the

7   WCAB constituted the success required under the so-called majority view. *Id.* at 605.

8       In Defendant's case of *Wagner v. Professional Engineers in California*

9   *Government*, 354 F.3d 1036 (9th Cir. 2004)("Wagner"), the Plaintiffs were judicially

10  estopped from incompatible positions in a subsequent action because the court held they

11  obtained an advantage of a dismissal and order on a nonexhaustion counterclaim in a

12  previous action. *Id.* at 1048. The court analyzed whether the Plaintiff sought an

13  advantage by reviving a previous claim by taking an inconsistent position. *Id.* The court

14  in the previous claim reached the merits of the abandoned issue and Plaintiff obtained

15  the advantage by the court's dismissal of the nonexhaustion counterclaim. *Id.*

16  **B.**   **Applicability to the Present Matter**

17      Defendant's support for their position is Plaintiff's Verified Complaint filed

18  November 9, 2011 against Citigroup Global Markets Realty Group in Los Angeles

19  Superior Court., specifically paragraphs 31 and 35 [Mot. 13:10.] (Of course, there is a bit

20  of kettle-pot irony here since Defendant's counsel was representing Defendant Citigroup

21  in subsequent Motion to Dismiss and made the argument that only Citigroup had

22  authority to foreclose, but it would be impolite to extend equity to inconsistent positions

23  of counsel on the same issues).

24      The case was removed to federal court, the court denied injunctive relief and

25  defense counsel filed a Motion To Dismiss. Before hearing on the Motion to Dismiss,

26  Plaintiff dismissed the complaint without prejudice. (Case No.2:11-cv-10340; Doc.

27  No.18)

28

1    ***Plaintiff gained no advantage or favorable result by the alleged inconsistent***
2    ***position.***

3         There was no ruling on the merits as to the current Defendant US Bank.

4         Under the *Rissetto, Wagner* analysis and application, Plaintiff's statements
5    in the prior action should not create judicial estoppel. Additionally, for purposes of
6    clarity (a concept anathema to Defendant), Plaintiff asserts a factual basis supported by
7    the finding and order of the bankruptcy court and clearly supported by Judge Fitzgerald
8    in the ruling on the temporary restraining order. The facts being asserted in the present
9    action arose during the bankruptcy proceeding  "after" the dismissal of the prior federal
10   action, so they were not present at the time of the dismissed federal action. Further,
11   Defendant's case of *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th
12   Cir. 1988) discusses waiver of a judicial estoppel argument by failing to raise the issue in
13   a prior proceedings. Thus, under *American Title Ins. Co*., Defendant should be found to
14   have waived use of the argument of the prior federal action as judicial estoppel against
15   Plaintiff in the current matter.

16   **IX.   Tender is Inapplicable in the Present Case**

17        Defendant next argues that Plaintiff should lose because she didn't tender the full
18   amount of the loan [Mot. 13:14-15:15.] This is contrary to the law and facts of this case.
19   First, in the outset, Defendant fails to present any case which stands for the proposition
20   that tender is required under the precise facts of this case. Second, the cases cited by
21   Defendant involve post-foreclosure actions seeking to "set aside" the foreclosure sale.
22   Federal courts have explicitly held that the tender rule only applies in cases seeking to
23   set aside a completed sale, rather than an action seeking to prevent a sale in the first
24   place. See *Barrionuevo v. Chase Bank N.A.*, 2012 U.S. Dist. LEXIS 109935 (N.D. Cal.,
25   August 6, 2012) at *12-*13 (citing *Vissuet v. Indymac Mortg. Services,* 2010 U.S. Dist.
26   LEXIS 26241, 2010 WL 1031013, at *2 (S.D. Cal. March 19, 2010); *Giannini v.*
27   *American Home Mortg. Servicing, Inc.,* 2012 U.S. Dist. LEXIS 12241, 2012 WL

28

1  298254, at *3 (N.D.Cal. Feb. 1, 2012); *Robinson v. Bank of Am.,* 2012 U.S. Dist. LEXIS

2  74212, 2012 WL 1932842 (N.D. Cal. May 29, 2012).

3  The California "tender rule" is not as mechanical as Defendant would like and

4  California courts have held that the tender rule applies in an action to set aside a trustee's

5  sale for irregularities in the sale notice or procedure. [Citations.] *Barrionuevo v. Chase*

6  *Bank N.A.*, 2012 U.S. Dist. LEXIS 109935 at *10. Where the premise of the allegations

7  do not go to the sale notice or procedure and the issue is that a sale would be void, then

8  the tender requirement does not apply. See *Tamburri v. Suntrust Mortg.*, 2011 U.S. Dist.

9  LEXIS 144442, *10-*15 (N.D. Cal., December 15, 2011) citing *Onofrio v. Rice*, 55 Cal.

10  App. 4th 413, 424 (1997); *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291, 119 P.

11  82 (1911); *In re Salazar*, 448 B.R. 814, 819 (S.D. Cal. 2011); *Sacchi v. Mortgage*

12  *Electronic Registration Systems, Inc.*, 2011 U.S. Dist. LEXIS 68007, 2011 WL 2533029,

13  at *9-10 (C.D. Cal. June 24, 2011); *Vissuet v. Indymac Mortg. Services*, 2010 U.S. Dist.

14  LEXIS 26241, 2010 WL 1031013, at *2 (S.D. Cal. March 19, 2010) *Mabry v. Superior*

15  *Court*, 185 Cal. App. 4th 208, 225 (2010);  *Dimock v. Emerald Properties LLC*, 81 Cal.

16  App. 4th 868, 876 (2000) ; *Little v. CFS Serv. Corp.*, 188 Cal. App. 3d 1354, 1358

17  (1987);  *Ottolini v. Bank of America*,  2011 U.S. Dist. LEXIS 92900, 2011 WL 3652501,

18  at *4 (N.D. Cal. Aug. 19, 2011). See also *Lona v. Citibank, N.A. as Trustee, etc.* (2011)

19  202 Cal.App.4th 89, 112-115 which discusses exceptions and applications of the tender

20  rule.

21  Thus, Defendant's assertion of the "tender rule" as a bar to Plaintiff 's right to

22  contest the foreclosure sale is incorrect as it is applied to this case. Since Plaintiff's

23  allegations go directly to Defendant's right to foreclose, not any procedural irregularity,

24  any ales would be void and under the California authorities, would fall outside of the

25  general tender requirement argued by the Defendant.

26  **X.    Plaintiff's Quiet Title Allegations are Sufficient**

27  "Under California law, a claim for quiet title must include a) a description of the

28  property, including both its legal description and its street address, b) the title of the

1  plaintiff and the basis of the title, c) the adverse claims to the title of the plaintiff, d) the

2  dates as of which the determination is sought, e) and a prayer for the determination of the

3  title of the plaintiff." Citing *Cal. Code Civ. Proc.* § 761.020. *Yulaeva v. Greenpoint*

4  *Mortgage Funding, Inc.*, 2009 U.S. Dist. LEXIS 79094, *24-*25(E.D. Cal. Sept. 3,

5  2009)(hereafter referred to as "Yulaeva").

6      Plaintiff's complaint identifies the property by address and legal description

7  [Compl.¶ 24]. Plaintiff alleges that she is the owner of the record of the property and

8  hold legal title [Compl.¶ 25].

9      Plaintiff alleges the basis for the adverse claim is Defendant's assertion of

10  the power of sale under the Deed of Trust. [Compl . ¶¶ 26-28]. "The right of sale

11  provided by the deed of trust is an interest in the property." " This interest, the

12  beneficiaries' power to cause a sale of the property, is effectively a lien on the property."

13  *Yulaeva* at *26-*27, citing *Monterey S. P. P'ship v. W. L. Bangham*, 49 Cal. 3d 454, 460,

14  261 Cal. Rptr. 587, 777 P.2d 623 (1989). "Cal. Code Civ. Pro. § 760.010(a) provides that

15  a lien may properly be the subject of a quiet title action." *Id.*

16  Plaintiff identifies the date of the filing of the complaint as the date for which

17  determination is sought. [Compl . ¶ 29]. Plaintiff seeks a judicial determination that

18  Defendant has no interest or title to exercise the power of sale in the Deed of Trust and

19  proceed with a non-judicial foreclosure. [Compl. ¶ 36]

20  Defendant's cases are inapposite for the proposition submitted by Defendant. The

21  cases cited, like the tender rule cited above, discuss a requirement of paying the entire

22  debt before Plaintiff can quiet title. Defendant's problem is that factually, the cases talk

23  about actions against the "mortgagee" or "beneficiary" and are completely silent as to

24  alleged "strangers" who seek to assert an invalid interest in the property. Defendant has

25  not submitted a case which stands for the proposition that a Plaintiff cannot quiet title

26  against a stranger attempting to enforce a power of sale after a bankruptcy court has

27  ruled that this stranger has no interest and has no authority to pursue a foreclosure.

28  Further, Plaintiff met the pleading and initial burden of proof to obtain a temporary

1  restraining order as to this cause of action, which should serve as a minimum basis for

2  Plaintiff to proceed past a Motion to Dismiss.

3  **XI.**   **Plaintiff's Declaratory Relief Allegations are Sufficient**

4       "The Declaratory Judgment Act states that "[i]n a case of actual controversy

5  within its jurisdiction . . . any court of the United States . . . may declare the rights and

6  other legal relations of any interested party seeking such declaration." 28 U.S.C. §

7  2201(a)."  *Schafer v. CitiMortgage, Inc., et al*., 2011 U.S. Dist. LEXIS 64558,  at *9-*10

8  (C.D. Cal. June 15, 2011)(hereafter referred to as "Schafer");  *Javaheri v. JPMorgan*

9  *Chase Bank, N.A., et al*., 2011 U.S. Dist. LEXIS 62152 at *16 (C.D. Cal. June 2,

10  2011)(hereafter referred to as "Javaheri").

11              "Jurisdiction to award declaratory relief exists only in a case of actual

12  controversy." [Citation.] *Schafer* at *10; *Javaheri* at *16.

13              "Consequently, the Ninth Circuit instructs district courts to first determine

14  whether there is an actual controversy within its jurisdiction. [Citation.] *Schafer* at *10;

15  *Javaheri* at *16. "If the court finds that an actual controversy exists, it must next decide

16  whether to exercise its jurisdiction by analyzing the factors enumerated in *Brillhart v.*

17  *Excess Ins. Co*., 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). The *Brillhart*

18  factors require the Court to 1) avoid needless determination of state law issues; 2)

19  discourage litigants from filing declaratory actions as a means of forum shopping; and 3)

20  avoid duplicative litigation. *Brillhart*, 316 U.S. at 495." *Schafer* at *10; *Javaheri* at *16.

21              *Schafer* involved a motion to dismiss a claim for declaratory and injunctive

22  relief. Plaintiff in that case sought a judicial determination as to Defendant's rights to

23  proceed with a non-judicial foreclosure. *Schafer* at *9. Since Plaintiff's complaint made

24  specific allegations whether the Defendant had the right to foreclosure, the Court denied

25  the motion to dismiss as to this claim. *Id.* at *16-*17. The Court further indicated that ex

26  parte injunctive relief would be entertained by the court. *Id.* at *17.

27              *Javaheri* also involved a motion to dismiss a claim for declaratory relief.

28  Plaintiff alleged that Defendant did not have an interest in the Note and Deed of Trust.

1   *Javaheri* at *9-*10. The Court found that there was sufficient facts plead as to whether

2   the Defendant had any interest that it could assign and thus no right foreclose. *Id.* at *10-

3   *11.

4           Plaintiff's allegations go further than *Schafer* and *Javaheri*. Plaintiff has the

5   benefit of a fully litigated issue as to the "standing" of Defendant and a final order

6   determining that Defendant does not have the legal standing to assert the power of sale in

7   the Deed of Trust in a foreclosure. Since Defendant as a matter of law has no standing to

8   assert a power of sale under the Deed of Trust, Defendant cannot legally foreclose on

9   Plaintiff's Property.

10         Defendant's arguments are that Plaintiff's cause of action is hypothetical and

11   abstract and do not touch the legal relations of parties having adverse legal interests

12   [Opp. 16:4-8], because the allegations are based on the "exact same allegations" as the

13   Quiet Title cause of action is fails and miraculously somehow Plaintiff doesn't have

14   standing [Opp. 16:14-17-15.] In the case of *Yulaeva v. Greenpoint Mortgage Funding,*

15   *Inc.*, 2009 U.S. Dist. LEXIS 79094 (E.D. Cal. Sept. 3, 2009), the court found similar

16   contentions unavailing. Id. at* 24-*29, *36. Plaintiff's allegations track the requirements

17   of *Yulaeva* and should be sufficient.

18   **XII.   CONCLUSION.**

19         The comprehensive discussion, evidence and ruling of the previous bankruptcy

20   court, the temporary restraining order and recent supplemental briefings and filings

21   demonstrate that there are significant factual and legal issues which take this case past

22   the initial motion to dismiss barrier.

23         For the reasons discussed and the arguments contained in this Opposition and the

24   papers submitted for consideration, Plaintiff request that this Court deny Defendant's

25   Motion to Dismiss.

   Dated:  November 19, 2012

26

27           /s/ Bret D. Lewis

        Bret D. Lewis, Esq.Attorney for Plaintiff Carmen C. Boza

28

**PROOF OF SERVICE**

I, Bret D. Lewis, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 12304 Santa Monica Blvd.—107A, Los Angeles, California  90025. On November 19, 2012, I served a copy of the within document(s): PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDCIAL NOTICE

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☒ by ELECTRONIC MAIL, I caused the document(s) listed above to be served on the parties via CM/ECF email.

Wright Finlay & ZAK, LLP
T. Robert Finlay, Esq./Kathryn
Moorer, Esq.
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
rfinlay@wrightlegal.net
kmoorer@wrightlegal.net

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 19, 2012, at Los Angeles, California.

/s/ Bret D. Lewis