**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-06993 JAK (FMOx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | Carmen C. Boza, et al. v. US Bank National Association, et al. | | |

Present: The Honorable  JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Recorded |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT (DKT. 65); HEARING ON PRELIMINARY INJUNCTION (DKT. 37)**

Plaintiffs Carmen C. Boza and Luis R. Boza ("Plaintiffs") brought this action to quiet title against Defendant US Bank National Association ("Defendant"). Plaintiffs contend that, with respect to Plaintiffs' real property that underlies this dispute, Defendant can neither assert an interest as a beneficiary under the power of sale in the Deed of Trust, nor proceed with a nonjudicial foreclosure.

On March 11, 2013, the Court heard oral argument on Defendant's motion to dismiss Plaintiffs' First Amended Complaint (the "Motion" (Dkt. 65)). For the reasons set forth in this Order, the Motion is GRANTED with prejudice, *i.e.*, without leave to amend, and the Court also DENIES the application for a preliminary injunction, on which the Court heard oral argument on October 15, 2012.

1.  The Allegations and Background

On May 8, 2006, Plaintiffs signed a Note and Deed of Trust in the amount of $688,792, for real property located at 27010 North Beautyberry Place, Fair Oaks Ranch, California 91387. Request for Judicial Notice ("Request"), Exh. 1, Dkt. 66. The lender identified on the loan was Linear Financial, LP, d/b/a Pardee Home Loans ("Linear"). On the same day that the loan was made, Linear executed a Corporate Assignment of Deed of Trust through which it transferred the beneficial interest in the loan to Wells Fargo Bank, N.A. ("Wells Fargo"). *Id.* at Exh. 1, 2. Defendant contends that, in January 2008, Plaintiffs discontinued making payments due under the loan (Motion at 2), and that, as a result, a Notice of Default was recorded on April 4, 2008 (Request, Exh. 3). On May 19, 2008, a second Assignment of Deed of Trust was recorded; it transferred the beneficial interest under the loan to Citigroup Global Markets Realty Corp. ("Citi"). Request, Exh. 5.

On July 7, 2008, a Notice of Trustee's Sale was recorded. *Id.* at Exh. 6. Plaintiff Carmen Boza then filed two separate bankruptcy cases -- one on October 17, 2008, which was dismissed on November 7, 2008, and the second on November 19, 2008, which was dismissed on January 23, 2009. *Id.* at Exh. 7, 8. Two more Notices of Trustee's Sale followed, the first on November 22, 2010 and the second on August 18, 2011. *Id.* at 9, 10. Plaintiff Carmen Boza brought an action against Citi in the Los Angeles

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-06993 JAK (FMOx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | Carmen C. Boza, et al. v. US Bank National Association, et al. | | |

County Superior Court on November 9, 2011. *Id.* at Exh. 11. That case was removed to this Court and Plaintiff dismissed it on March 5, 2012, after this Court denied Plaintiff's request for a Temporary Restraining Order ("TRO") and an Order to Show Cause re Preliminary Injunction. No. 11-10340 JAK, Dkt. 1, 16, 18. A fourth Notice of Trustee's Sale was recorded on January 9, 2012 (Request, Exh. 14), and another Corporate Assignment Deed of Trust was recorded on January 24, 2012, transferring the beneficial interest in the loan to Defendant. Request, Exh. 15. Plaintiff Carmen Boza filed a third bankruptcy action on February 13, 2012. Request, Exh. 12. As part of the most recent bankruptcy proceeding, Defendant filed a Motion for Relief from Automatic Stay ("MFR"), seeking an order that would permit its proceeding with foreclosure of the underlying real property. The Bankruptcy Court denied the motion on April 30, 2012, stating that Defendant had not submitted sufficient evidence to show that the loan was transferred by Wells Fargo to Citi, because a document submitted was not properly authenticated. *Id.* at Exh. 16. Plaintiff Carmen Boza was granted a discharge on July 16, 2012, and the case was closed on July 20, 2012.

On August 14, 2012, Plaintiff Carmen Boza filed the initial complaint in this case and the matter was assigned to Judge Fitzgerald. Dkt. 1. Judge Fitzgerald granted a TRO precluding foreclosure on August 17, 2012. His ruling stated that Plaintiff "has made the necessary showing for injunctive relief," but it declined to reach any arguments about the collateral estoppel or res judicata effect, if any, of the ruling on the MFR. Dkt. 6. The case was reassigned to this Court on September 7, 2012. Dkt. 15. On October 15, 2012, the Court heard oral argument regarding Plaintiff's application for a preliminary injunction. Dkt. 37. The Court stated its tentative view, that the application should be denied because Plaintiff Carmen Boza, who at the time was the only Plaintiff, failed to show that she was likely to succeed on the merits of the underlying claim. *Id.* The Court also ordered supplemental briefing regarding the chronology of the ownership and conveyance of the Note at issue, and it took the matter under submission. *Id.*

On December 10, 2012, the Court granted a motion to dismiss the initial complaint, with leave to amend. Dkt. 59. The Court found that: (i) Luis R. Boza, who was not included as a Plaintiff in the original complaint, was a necessary party; (ii) the complaint failed to identify any "specific factual basis" for relief from the foreclosure process under the standards set forth in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011); (iii) Defendant was not collaterally estopped by the ruling on the MFR from asserting the power of sale; (iv) the complaint failed to allege that the tender rule was satisfied; (v) the complaint failed to allege that Plaintiff Carmen Boza paid the debt secured, as required for a cause of action to quiet title; and (vi) the second cause of action in the initial complaint, for declaratory relief, was unnecessary. *Id.*

The Verified First Amended Complaint ("FAC") was filed on January 14, 2013. Dkt. 64. Luis R. Boza was added as a Plaintiff, and Plaintiffs omitted the cause of action for declaratory relief. Thus, the FAC presents a single cause of action to quiet title. Further, Plaintiffs have amended this claim so that it is no longer premised on the ruling on the MFR. Instead, the FAC includes the text of an SEC "Prospectus Supplement" filed by Defendant, and alleges that: (i) Defendant must show it has some interest in the Note in order to show a colorable claim against the property; (ii) the assignment to Defendant split the Note from the Deed of Trust; and (iii) the assignment to Defendant was inconsistent with the terms of the applicable Pooling and Servicing Agreement ("PSA"). Plaintiffs seek a determination that Defendant has no interest that would give it any legal right to exercise the power of

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-06993 JAK (FMOx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | Carmen C. Boza, et al. v. US Bank National Association, et al. | | |

sale or to proceed with a nonjudicial foreclosure. On January 28, 2013, Defendant filed the Motion. Dkt. 65.

2.   The Motion to Dismiss the FAC

Defendant argues that the FAC should be dismissed for several reasons: (i) Plaintiffs have no standing to challenge the securitization of their loan under the PSA; (ii) Defendant need not prove its ownership of the Note prior to foreclosure; (iii) Plaintiff Carmen Boza admitted in a prior action that Defendant has the authority to foreclose, precluding Plaintiffs from making a contrary argument in this action; (iv) Plaintiffs do not adequately allege the elements of an action to quiet title; and (v) the FAC's brief mention of other possible claims is insufficient and without merit.

The Court need not address all of the issues raised by Defendant. On its face, the FAC has not cured many of the deficiencies that were present in the original complaint.

In a quiet title action, "a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) ("A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness."). Plaintiffs have failed to demonstrate in the FAC that they have met this requirement. The Court raised this issue in its prior order, and Plaintiffs' modified claim fails to address this deficiency in pleading.

The Court also stated in its prior order that, to the extent Plaintiff Carmen Boza was seeking to set aside a foreclosure, she must allege that she offered to tender her loan obligation and was able to do so at the time the offer was made. *Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust."); *see also Hollins v. Recontrust, N.A.*, No. CV 11-945 PSG (PLAx), 2011 WL 1743291, *4 (C.D. Cal. May 6, 2011) (stating, when "Plaintiffs protest that they were not required to comply with the tender rule because the trustee sale has not yet occurred in this case," that "courts have consistently held that plaintiffs bringing claims for wrongful foreclosure must offer to tender the full amount owed to sustain a cause of action regarding any aspect of the foreclosure sale procedure"); *Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009 WL 2136969, *3 (N.D. Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure."). The FAC fails to address this issue. There is no allegation as to tender.

Plaintiffs have not alleged that they have satisfied the debt and tender requirements, or that they would be able to satisfy these requirements. Moreover, Defendant asserts -- once again, without opposition by Plaintiffs -- that Plaintiffs have not made any payments on the underlying loan since January 2008. The Court has raised the foregoing issues in its prior order, and Plaintiffs have failed to address them adequately in the FAC.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**


**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV12-06993 JAK (FMOx) | Date | March 12, 2013 |
| Title | Carmen C. Boza, et al. v. US Bank National Association, et al. | | |

To the extent that Plaintiffs seek to challenge the securitization of their loan under the applicable PSA, their claim fails for another reason. "The majority position is that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA." *Shkolnikov v. JPMorgan Chase Bank*, No. 12-03996 JCS, 2012 WL 6553988, at *13 (N.D. Cal. Dec. 14, 2012); *see, e.g.*, *Armeni v. Am.'s Wholesale Lender*, No. CV 11-8537 CAS AGRx, 2012 WL 603242, *3 (C.D. Cal. Feb. 24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."); *Bascos v. Fed. Home Loan Mortg. Corp.*, No. CV 11-3968 JFW JCx, 2011 WL 3157063, *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."). Indeed, "[t]he overwhelming authority does not support a cause of action based upon improper securitization" in such circumstances. *Rodenhurst v. Bank of Am.*, 773 F. Supp. 2d 886, 899 (D. Haw. 2011). In this case, Plaintiffs are neither parties to, nor third-party beneficiaries of, the PSA. Therefore, they lack standing to raise issues as to an alleged noncompliance with the PSA.

Because Plaintiffs have failed to address the deficiencies identified by the Court in its Order with respect to the original complaint, and did not seek leave to amend at the March 11, 2013 hearing, the Motion is granted with prejudice, *i.e.*, without leave to amend. There is no showing that the legal deficiencies in the FAC can be corrected.

3.    The Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As noted above, at the time of the application for a preliminary injunction, the operative complaint suffered from several deficiencies: (i) Luis R. Boza, a necessary party, was not included as a Plaintiff; (ii) the action failed under *Gomes*; (ii) the complaint failed to plead the necessary tender and debt secured requirements; and (iii) the cause of action for declaratory relief was unnecessary. Thus, the sole Plaintiff at the time, Carmen Boza, was not able to establish that she was likely to succeed on the merits. The FAC suffers from the same, principal deficiencies, and the action is to be dismissed with prejudice. Accordingly, the application for a preliminary injunction is denied for two reasons. First, it is moot given that the action is being dismissed. Second, considering the claim as presented in the FAC and prior to its dismissal, in view of the defects in pleading and the substantial opportunity Plaintiffs have had since the commencement of this action to correct the pleading and present evidence as to both tender and debt satisfaction, they cannot demonstrate a likelihood of success on the merits. Moreover, Plaintiffs have not met the remaining, required tests necessary to obtain preliminary injunctive relief.[1]

---

[1] Because the application for a preliminary injunction is denied, Plaintiff's Ex Parte Application for clarification of Defendant's filings and request for leave to file a two-page brief on the issue of joinder (Dkt. 53) is moot.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV12-06993 JAK (FMOx) | Date | March 12, 2013 |
|---|---|---|---|
| Title | Carmen C. Boza, et al. v. US Bank National Association, et al. | | |

Defendant shall lodge a proposed judgment no later than March 20, 2013. Plaintiff may file any objections within 7 days from the date the proposed judgment is lodged.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak